UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YENSI MIGUEL SOTO ECHAVARRIA, *on behalf of himself and all other persons similarly situated,*

Plaintiff,

-against-

PALO BLANCO DELI GROCERY, CORP.,
750 ASTOR DELI & GROCERY, CORP.,
JOSE A. CASTILLO, and VLADIMIR
CASTILLO,

Defendants.

**Case no.:  1:22-cv-07614**

**FLSA COLLECTIVE ACTION**

Plaintiff, YENSI MIGUEL SOTO ECHAVARRIA ("Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, Sacco & Fillas, LLP, complaining of Defendants, PALO BLANCO DELI GROCERY, CORP., 750 ASTOR DELI & GROCERY, CORP., JOSE A. CASTILLO, and VLADIMIR CASTILLO ("Defendants"), alleges as follows:

## I.   NATURE OF THE ACTION

1.      Plaintiff was employed performing labor and deli work at Defendants' corner store at 750 Astor Ave, The Bronx, NY 10467.  Plaintiff regularly worked more than forty (40) hours per week.  Throughout his employment, Plaintiff did not receive statutory minimum wage, overtime pay for hours worked over forty per week, or spread of hours pay.  Additionally, Plaintiff did not receive wage notices or statements at the end of each period.

2.      Plaintiff brings this action on behalf of himself and all other similarly situated non-exempt workers, seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29

U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL"). and the New York Wage Theft Prevention Act ("WTPA").

## II.   <u>JURISDICTION</u>

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff YENSI MIGUEL SOTO ECHAVARRIA's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## III.   <u>VENUE</u>

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the business is located within the Southern District of New York.

## IV.   <u>THE PARTIES</u>

### A.  <u>Plaintiff - YENSI MIGUEL SOTO ECHAVARRIA</u>

5.      Plaintiff, YENSI MIGUEL SOTO ECHAVARRIA, resides in Bronx, New York.

6.      Defendants employed Plaintiff from approximately June 2019 until approximately August 19, 2022.

7.      Throughout his employment with Defendants, Plaintiff's work duties included stocking, inventory, working the counter, storing food, preparing food, and cleaning and janitorial work.

8.      Throughout his employment, Plaintiff was an employee within the meaning of the FLSA and NYLL.

### B.  <u>Defendant - PALO BLANCO DELI GROCERY, CORP.</u>

9.      Defendant PALO BLANCO DELI GROCERY, CORP is a New York corporation that owns, operates, and does business as seafood restaurant, located at 750 ASTOR AVENUE, BRONX, NY, UNITED STATES, 10467.

10.     Defendant PALO BLANCO DELI GROCERY, CORP is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11.     Defendant PALO BLANCO DELI GROCERY, CORP has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12.     In the three years preceding the filing of this Complaint, Defendant, PALO BLANCO DELI GROCERY, CORP, has had an annual gross volume of sales in excess of $500,000.

13.     Defendant, PALO BLANCO DELI GROCERY, CORP, used the phone number 718-515-2395.

14.     On or about May 2021, Defendant, PALO BLANCO DELI GROCERY, CORP, received approximately $33,837.00 in Coronavirus-related PPP loans from the SBA

**C. Defendant - 750 ASTOR DELI & GROCERY, CORP.**

15.     Defendant 750 ASTOR DELI & GROCERY, CORP is a New York corporation that owns, operates, and does business as seafood restaurant, located at 750 ASTOR AVENUE, BRONX, NY, UNITED STATES, 10467.

16.     Defendant 750 ASTOR DELI & GROCERY, CORP is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17.     Defendant 750 ASTOR DELI & GROCERY, CORP has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18.     In the three years preceding the filing of this Complaint, Defendant, 750 ASTOR DELI & GROCERY, CORP, has had an annual gross volume of sales in excess of $500,000.

19.     Defendant, PALO BLANCO DELI GROCERY, CORP, used the phone number 718-515-2395 for business.

**D.  Defendant - JOSE A. CASTILLO**

20.     Defendant, JOSE A. CASTILLO, is the chief executive officer of 750 ASTOR DELI & GROCERY, CORP.

21.     Defendant, JOSE A. CASTILLO, is the principal holding the liquor license for PALO BLANCO DELI GROCERY CORP and the business at 750 ASTOR AVE BRONX, NY 10467.

22.      Defendant, JOSE A. CASTILLO, is the president of Defendant PALO BLANCO DELI GROCERY CORP.

23.     Defendant, JOSE A. CASTILLO, supervised Plaintiff.

24.     Upon information and belief, Defendant, JOSE A. CASTILLO, monitored Plaintiff using surveillance cameras.

25.     Defendant, JOSE A. CASTILLO, participated in hiring Plaintiff.

26.     Defendant, JOSE A. CASTILLO, participated in onboarding Plaintiff at work.

27.     Defendant, JOSE A. CASTILLO, had power to terminate Plaintiff.

28.     Defendant, JOSE A. CASTILLO, has threatened to fire Plaintiff.

29.     Defendant, JOSE A. CASTILLO, terminated Plaintiff in approximately February of 2022.  Plaintiff was subsequently called back to work.

30.     Upon information and belief, Defendant, JOSE A. CASTILLO, participated in scheduling Plaintiff's working hours.

31.     Defendant, JOSE A. CASTILLO, paid Plaintiff.

32.     Defendant, JOSE A. CASTILLO, participated in ordering Plaintiff to perform tasks at work.

4

### E. **Defendant - VLADIMIR CASTILLO**

33.     Defendant, VLADIMIR CASTILLO, supervised Plaintiff.

34.     Upon information and belief, Defendant, VLADIMIR CASTILLO, monitored Plaintiff using surveillance cameras.

35.     Defendant, VLADIMIR CASTILLO, participated in hiring Plaintiff.

36.     Defendant, VLADIMIR CASTILLO, participated in onboarding Plaintiff at work.

37.     Defendant, VLADIMIR CASTILLO, had power to terminate Plaintiff.

38.     Defendant, VLADIMIR CASTILLO, terminated Plaintiff in approximately late June or early July of 2022.  Plaintiff was subsequently called back to work.

39.     Upon information and belief, Defendant, VLADIMIR CASTILLO, participated in scheduling Plaintiff's working hours.

40.     Defendant, VLADIMIR CASTILLO, paid Plaintiff.

41.     Defendant, VLADIMIR CASTILLO, participated in ordering Plaintiff to perform tasks at work.

42.     Upon information and belief, Defendant, VLADIMIR CASTILLO, is related to Defendant, JOSE A. CASTILLO.

## V.     **FACTUAL ALLEGATIONS**

### A. **Wage and Hour Allegations**

43.     Defendants' business at 750 Astor Ave, The Bronx, NY 10467 is an eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto.

5

44.     From approximately June of 2019 to approximately January 2020, for approximately two weeks per month, Plaintiff worked approximately sixty-three (63) hours per week and approximately seventy (70) hours per week every two weeks per month.

45.     From approximately June of 2019 to approximately January 2020, approximately two weeks per month, Plaintiff worked one shift during which the interval between the beginning and end of the workday spanned more than ten (10) hours.

46.     From approximately June of 2019 to approximately January 2020, Plaintiff was paid approximately $575 per week in fixed salary.

47.     From approximately January 2022 to approximately April 2022, Plaintiff worked approximately fifty-four (54) hours per week.

48.     From approximately January 2022 to approximately April 2022, Plaintiff was paid approximately $475 per week.

49.     From approximately April 2022 to August 19, 2022, Plaintiff worked approximately sixty-six (66) hours per week.

50.     From approximately April 2022 to August 19, 2022, for approximately two days per week, Plaintiff worked shifts during which the interval between the beginning and end of the workday spanned more than ten (10) hours,

51.     From approximately April 2022 to August 19, 2022, Plaintiff was paid approximately $800 per week.

52.     Plaintiff was not paid spread-of-hours pay for each shift during which the length of the interval between the beginning and end of an employee's workday spanned more than ten (10) hours.

53.     Plaintiff was not provided in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing

the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances.

54.     Plaintiff was not provided in writing with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage.

**B.  Liquor License Principal(s)**

55.     In New York, a liquor license grants the owner or possessor of the premises control over the food and beverage. N. Y. Alco. Bev. Cont. Law. § 106(1). These facts are sufficient to establish his right and ability to supervise the infringing activities.

56.     The rules and regulations associated with the liquor licensing process inherently create a collaborative relationship between the business and the principal officer's authority to provide a service as it relates to food and beverage.

57.     An individual's name listed as a principal on a liquor license suggests a general ability to supervise the establishment's operations and enjoy its profits.

58.     An individual's name listed as a principal on a liquor license also suggests he keeps and maintains adequate records of all transactions involving the business transacted by such licensee which shall show the amount of alcoholic beverages, in gallons, purchased by such licensee together with the names, license numbers and places of business of the persons from whom the same were purchased, the amount involved in such purchases, as well as the sales of alcoholic beverages made by such licensee.

59.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is responsible for the activities of employees and patrons in all parts of the licensed premises, even if not always physically present.

60.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee must keep adequate books and records of all transactions involving the licensed business, including records concerning employees, whether full or part time.

61.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is subject to disciplinary action whether he, or an employee, served a visibly intoxicated person or minor, and accordingly is recommended to train employees concerning service of alcohol.

62.     In applying to hold a liquor license, the applicant must confirm the location of where alcohol is stored.

63.     The liquor license holder has a direct or indirect economic interest in the establishment.

## VI.     COLLECTIVE ACTION ALLEGATIONS

64.     Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated non-exempt workers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

65.     The FLSA Collective consists of approximately thirty non-exempt workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

66.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of

violating the FLSA and NYLL. This pattern, practice, and/or policy includes, inter alia, the following:

    A.  failing to keep accurate records of hours worked by the FLSA Collective as required by law;

    B.  failing to pay the FLSA Collective minimum wage for their first forty hours of work per workweek; and,

    C.  failing to pay the FLSA Collective overtime pay for all hours worked over forty per workweek.

67.     Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

68.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

69.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Subject Restaurants and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## VII.   CLAIMS

### A.  FIRST CLAIM - Fair Labor Standards Act – Unpaid Minimum Wage

70.     Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

71.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

72.     The FLSA and NYLL require that employers pay employees a minimum wage for all hours worked weekly up to forty.

73.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq. and the supporting federal regulations, apply to Defendants.

74.     Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

75.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

76.     As a result of Defendants' willful violations of the FLSA, Plaintiff and other non-exempt workers have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**B.  SECOND CLAIM - New York Labor Law – Unpaid Minimum Wage**

77.     Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

78.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff and other similarly situated non-exempt workers.

79.     The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

80.     The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

81.     Defendants failed to pay Plaintiff and other similarly situated non-exempt workers the minimum wages to which they are entitled under the NYLL and its supporting NYDOL regulations.

82.     Defendants willfully violated the NYLL by knowingly and intentionally failing to Plaintiff and other similarly situated non-exempt workers minimum hourly wages.

83.     As a result of Defendants' violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**C.  THIRD CLAIM - Fair Labor Standards Act – Unpaid Overtime Wages**

84.     Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

85.     Defendants were employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

86.     Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular wage rate for all hours worked more than forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

87.     Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

88.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective the proper overtime wage rate.

89.     Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest

**D.  FOURTH CLAIM - New York Labor Law – Unpaid Overtime Wages**

90.     Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

91.     Defendants were Plaintiff's employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

92.     Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff and other similarly situated non-exempt workers one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek

93.     Defendants failed to pay Plaintiff and other similarly situated non-exempt workers the overtime wages to which they were entitled to under the NYLL and its supporting regulations

94.     Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and other similarly situated non-exempt workers overtime wages

95.     Due to Defendants' willful violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest

### E.  **FIFTH CLAIM - New York Labor Law – Spread of Hours Pay**

96.     Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

97.     Defendants willfully failed to pay Plaintiff and other similarly situated non-exempt workers additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours

98.     By Defendants' failure to pay Plaintiff and other similarly situated non-exempt workers spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

99.     Due to Defendants' willful violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover an amount prescribed by statue, reasonable attorneys' fees and pre- and post-judgment interest, and liquidated damages.

**F.  SIXTH CLAIM - NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

100.    Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

101.    The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

102.    Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff and other similarly situated non-exempt workers without providing them a wage statement at the end of every pay period accurately listing, inter alia, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

103.    Due to Defendants' violation of NYLL § 195(3), Plaintiff and other similarly situated non-exempt workers are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

**G.  SEVENTH CLAIM - NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices**

104.    Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

105.    The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

106.    Defendants failed to furnish Plaintiff and other similarly situated non-exempt workers at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL §

191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

107.    Due to Defendants' violation of NYLL § 195(1), Plaintiff and other similarly situated non-exempt workers are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**VIII.    <u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment

A.    authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of other similarly situated non-exempt workers who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

B.    declaring that Defendants have violated the minimum wage provisions of the NYLL and FLSA;

C.    declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

D.    declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

E.    declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

F.    declaring that Defendants' violations of the FLSA and the NYLL were willful;

G.    awarding damages for unpaid minimum and overtime wages;

H.   awarding unpaid spread-of-hours pay;

I.   awarding statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

J.   awarding liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

K.   awarding pre-judgment and post-judgment interest under the NYLL;

L.   awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL;

M.   awarding such other and further relief as the Court deems just and proper.

## IX.   <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Astoria, New York
       September 6, 2022

Sacco & Fillas, LLP

By: _____*/s/ Clifford Tucker*_____
    Clifford Tucker, Esq.
    31-19 Newtown Avenue
    Seventh Floor
    Astoria, New York 11102
    Tel: 718-269-2243
    Email: CTucker@SaccoFillas.com
    Attorneys for Plaintiff

**NOTICE OF INTENTION TO ENFORCE CORPORATE MEMBER LIABILITY FOR SERVICES RENDERED**

**TO:** PALO BLANCO DELI GROCERY, CORP.

**PLEASE TAKE NOTICE,** that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that YENSI MIGUEL SOTO ECHAVARRIA and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten members with the largest percentage ownership interests of PALO BLANCO DELI GROCERY, CORP., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
    September 6, 2022

Sacco & Fillas, LLP

By: _____*/s/ Clifford Tucker*_____
  Clifford Tucker, Esq.
  31-19 Newtown Avenue
  Seventh Floor
  Astoria, New York 11102
  Tel: 718-269-2243
  Email: CTucker@SaccoFillas.com
  Attorneys for Plaintiff

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

**TO:** PALO BLANCO DELI GROCERY, CORP.

**PLEASE TAKE NOTICE**, that YENSI MIGUEL SOTO ECHAVARRIA, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

**HEREBY DEMAND** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
          September 6, 2022

Sacco & Fillas, LLP

By: _____ */s/ Clifford Tucker* _____
          Clifford Tucker, Esq.
          31-19 Newtown Avenue
          Seventh Floor
          Astoria, New York 11102
          Tel: 718-269-2243
          Email: CTucker@SaccoFillas.com
          Attorneys for Plaintiff

**NOTICE OF INTENTION TO ENFORCE CORPORATE MEMBER LIABILITY FOR SERVICES RENDERED**

**TO:** 750 ASTOR DELI & GROCERY, CORP

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that YENSI MIGUEL SOTO ECHAVARRIA and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten members with the largest percentage ownership interests of 750 ASTOR DELI & GROCERY, CORP., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
        September 6, 2022

Sacco & Fillas, LLP

By: _____ */s/ Clifford Tucker* _____
    Clifford Tucker, Esq.
    31-19 Newtown Avenue
    Seventh Floor
    Astoria, New York 11102
    Tel: 718-269-2243
    Email: CTucker@SaccoFillas.com
    Attorneys for Plaintiff

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

**TO:** 750 ASTOR DELI & GROCERY, CORP

**PLEASE TAKE NOTICE**, that YENSI MIGUEL SOTO ECHAVARRIA, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

**HEREBY DEMAND** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
        September 6, 2022

Sacco & Fillas, LLP

By: _____ */s/ Clifford Tucker*_____
        Clifford Tucker, Esq.
        31-19 Newtown Avenue
        Seventh Floor
        Astoria, New York 11102
        Tel: 718-269-2243
        Email: CTucker@SaccoFillas.com
        Attorneys for Plaintiff

**NOTICE OF INTENTION TO ENFORCE CORPORATE MEMBER LIABILITY FOR SERVICES RENDERED**

**TO:** 750 MEAT & GROCERY INC

**PLEASE TAKE NOTICE,** that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that YENSI MIGUEL SOTO ECHAVARRIA and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten members with the largest percentage ownership interests of 750 MEAT & GROCERY INC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York  
           September 6, 2022

Sacco & Fillas, LLP

By: _____ */s/ Clifford Tucker*_____  
    Clifford Tucker, Esq.  
    31-19 Newtown Avenue  
    Seventh Floor  
    Astoria, New York 11102  
    Tel: 718-269-2243  
    Email: CTucker@SaccoFillas.com  
    Attorneys for Plaintiff

20

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES
PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS
CORPORATION LAW**

**TO:** 750 MEAT & GROCERY INC

**PLEASE TAKE NOTICE**, that YENSI MIGUEL SOTO ECHAVARRIA, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

**HEREBY DEMAND** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
              September 6, 2022

Sacco & Fillas, LLP

By: _____ */s/ Clifford Tucker_____
        Clifford Tucker, Esq.
        31-19 Newtown Avenue
        Seventh Floor
        Astoria, New York 11102
        Tel: 718-269-2243
        Email: CTucker@SaccoFillas.com
        Attorneys for Plaintiff

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act.   (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: _Yeasi Miguel Soto Echavarria_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: X _Yenci Soto_     Date/Fecha: _July 12_ , 202 _2_